UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------- X
WALTER HURDLE,

                    Petitioner,

    - against -

JOHN LEMPKE,

                    Respondent.
----------------------------------------------------------------- X

**MEMORANDUM DECISION AND ORDER**

11-CV-4686 (BMC)

COGAN, District Judge.

The facts in this habeas corpus proceeding under 28 U.S.C. § 2254 are straightforward. Petitioner pled guilty to attempted possession of a forged instrument in the second degree. See N.Y. Pen. L. §110.00, 170.25. In advising petitioner of the consequences of a guilty plea, the trial court failed to tell him that he could be ordered to pay restitution. At sentencing, however, petitioner was ordered to pay $631.30 in restitution. He was also sentenced to an indeterminate prison term of one and a half to three years, which was consistent with the court's explanation of his sentencing range at the time of his guilty plea.

On appeal, petitioner contended that his guilty plea should be vacated because he had not been advised that restitution could be imposed, and thus his plea was involuntary. In response, the District Attorney consented to a modification of the judgment to eliminate the $631.30 restitution obligation. The Appellate Division agreed, modifying the judgment to eliminate the restitution, and otherwise affirming the judgment. People v. Hurdle, 70 A.D.3d 1051, 894 N.Y.S.2d 770 (2d Dep't 2010), leave to app. den., 15 N.Y.3d 774, 907 N.Y.S.2d 463 (2010) (table).

One would think that the Appellate Division's elimination of the $631.30 restitution obligation would render petitioner's point moot, but he nevertheless raises the same challenge to the voluntariness of his plea as his sole point in this petition for habeas corpus relief.

The Appellate Division's decision to affirm the judgment as modified was not contrary to or an unreasonable application of Supreme Court precedent. See 28 U.S.C. § 2254(d). There can be no issue of an involuntary plea because petitioner has received the exact sentence that he thought he would receive when he pled guilty. The mere fact that there was a sentencing error that was subsequently corrected, bringing the sentence back to the original terms of the plea agreement, cannot render the plea involuntary.

The writ of habeas corpus is denied and this case is dismissed. A certificate of appealability shall not issue. See 28 U.S.C. § 2253(c)(1)(A). The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that any appeal from this Order would not be taken in good faith and therefore in forma pauperis status is denied for purpose of an appeal. See Coppedge v. United States, 369 U.S. 438, 444-45, 82 S. Ct. 917 (1962).

**SO ORDERED.**

_____
U.S.D.J.

Dated: Brooklyn, New York
January 19, 2012